UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WILIAN ARNALDO CHACON-
HERNANDEZ,

               Petitioner,

v.

KEVIN RAYCRAFT et al.,

               Respondent.

_____/

Case No. 1:26-cv-1764

## **OPINION**

Petitioner, currently a former United States Immigration and Customs Enforcement (ICE) detainee,[1] initiated this action by filing a counseled second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice as moot.

## **Discussion**

### I.  Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to immediately release Petitioner. (Pet., ECF No. 1, PageID.25.)

In an order entered on June 10, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

---

[1] Petitioner was a detainee detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan when he initiated this action. (Pet., ECF No. 1, PageID.3.)

not be granted. (Order, ECF No. 4.) Respondent filed his response on June 15, 2026, (ECF No. 5), and a recording of the May 8, 2026, bond hearing on June 15, 2026.[2] (Recording of May 8, 2026, Bond Hearing, filed on June 15, 2026.)

## II.    Factual Background

Petitioner is a native and citizen of Honduras. (Pet., ECF No. 1, PageID.1.) Petitioner entered the United States in 2018 without inspection. Op., *Chacon-Hernandez v. Raycraft* (*Chacon-Hernandez I*), No. 1:26-cv-1278 (W.D. Mich. May 4, 2026) (ECF No. 7). On April 9, 2026, ICE agents arrested Petitioner. *Id.*

On April 20, 2026, Petitioner filed his first § 2241 petition challenging his initial detention without a bond hearing in *Chacon-Hernandez I*. In *Chacon-Hernandez I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & J., *Chacon-Hernandez I*, (W.D. Mich. May 4, 2026), (ECF Nos. 7, 8.).

On May 8, 2026, Petitioner attended a bond hearing pursuant to § 1226(a). (Order Immigration Judge, ECF No. 1-2, PageID.30.). Petitioner's counsel did not appear for the hearing. (Recording of May 8, 2026, Bond Hearing, filed on June 15, 2026.) The Immigration Judge decided not to proceed with the hearing as Petitioner's counsel was not present. (*Id.*) The Immigration Judge withdrew Petitioner's bond request and directed Petitioner to refile his request for a bond hearing when he was ready. (*Id.*)

---

[2] Respondents did not provide a transcript or a recording of the bond hearing held on May 26, 2026.

On May 26, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Order Immigration Judge, ECF No. 1-3, PageID.32.) At the conclusion of that hearing, the Immigration Judge denied Petitioner's request for bond in a written order, stating:

Denied because[:]

Lack of jurisdiction under matter of M.S. [Petitioner] was previously in expedited removal proceedings.

(*Id*.)

On June 18, 2026, Petitioner received an additional bond hearing. (Order Immigration Judge, *Chacon-Hernandez I*, (W.D. Mich. May 4, 2026), (ECF Nos. 12-2.) At the conclusion of that hearing, the Immigration Judge granted Petitioner's request for bond in a written order, stating:

Granted. It is ordered that [Petitioner] be[:]

Released from custody under bond of $ 10,000.00.

(*Id*.)

## III.    Analysis

Petitioner's request for relief is moot with respect to his claims. The jurisdiction of federal courts is limited to "actual, ongoing controversies between litigants." *Deakins v. Monaghan,* 484 U.S. 193, 199 (1988); *Grider v. Abramson,* 180 F.3d 739, 746 (6th Cir.1999). An actual controversy must exist at all stages of review. *Thomas Sysco Food Servs. v. Martin,* 983 F.2d 60, 62 (6th Cir.1993). "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F.2d 1286, 1289 (6th Cir.1986).

The Supreme Court has recognized an exception to this general rule when a released prisoner can establish that he will suffer a future collateral consequence resulting from detention. *See Lane v. Williams*, 455 U.S. 624, 632-33 (1982). To establish a collateral consequence sufficient

3

to avoid mootness, a habeas petitioner must show "some concrete and continuing injury other than the now-ended incarceration[.]" *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998).

The Court is unable to grant the relief requested in the petition, namely, the immediate release from immigration detention. (Pet., ECF No. 1, PageID.25); *Carras,* 807 F.2d at 1289. In light of Petitioner's release from detention, and his failure to identify any collateral consequences that could be remedied by granting his petition, Petitioner's petition is moot.

### **Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing as moot Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.)

Dated:      June 29, 2026                          /s/ Jane M. Beckering
                                                    Jane M. Beckering
                                                    United States District Judge

4